JANE T. SEXTON v. THE ROCK ISLAND LUMBER AND MANUFACTURING COMPANY *et al.*

1. JUDGMENT, *When not Vacated.* A defendant served with summons, and failing to answer or appear at the trial for any purpose, cannot, after judgment, either on a motion or a petition, have the judgment set aside and vacated for alleged errors committed during the trial of the cause.

2. ———— *Fraud—Evidence.* The record examined, and *held,* that it does not appear that the judgment sought to be set aside in the court below was procured by fraud nor by perjury.

*Error from Sedgwick District Court.*

THE opinion states the case.

*S. M. Tucker*, and *Bentley & Ferguson*, for plaintiffs in error:

1. The court erred in requiring plaintiff to proceed with the trial of the case upon its merits at the March term of said court, the cause having not been at issue 10 days before the first day of that term. Code, § 315. The plaintiff had no knowledge of the filing of said answer, and the court refused to strike it from the files and refused to give plaintiff time to reply, but required her to reply at once, and then forced her to go to trial without giving her any time in which to prepare for trial after the issues in the case were made up. Such error compels a reversal. 18 Kas. 140; 26 id. 146. The court might in its discretion have permitted the defendants to refile their answer as of that date. The overruling of the motion to strike from the files was in effect a permission to refile the answer, but in that event the plaintiff, as a matter of right, had 10 days after filing the answer in which to reply. The answer should have been stricken from the files. 14 Kas. 308; 9 id. 511. It was substantial error to force the plaintiff to trial as soon as the issues of fact in the case were joined. Code, § 315, and cases cited.

2. The adverse decision of the court below in the original case on the motions to set aside the judgment for irregularity was not a bar to this action. The court below denied the relief prayed for solely on the ground that the question presented was in the court's opinion *res adjudicata*. By an examination of the motion set out by defendant's answer, it appears that the facts stated in said motion would only entitle plaintiff in error to relief upon the third ground provided in § 568 for vacating the judgment, while the facts stated in the petition entitle her to relief on the fourth and seventh grounds. The motion was filed as commanded by the code under § 569, while the petition was filed as commanded by the code under § 570. The case made under the petition could not have been heard upon the motion; the questions raised by the motions could not be heard in the case at bar. At the hearing of the motion to vacate for irregularity, the court below ruled out

and excluded all evidence except such as tended to prove or disprove any irregularity, and did not adjudicate the questions of fraud or misfortune which prevented plaintiff in error from defending.

3. Plaintiff in error had a valid defense to the original action. A defense on part of plaintiff in error to the original suit is fully alleged in her petition in this case. If she had not been served with a copy of the mechanic's lien statement, as required by § 2, ch. 141, Laws of 1872, relating to mechanics' liens, which was in force at that time, her property was not subject to the claims of the lumber company, and not subject to its lien, and said lumber company was not entitled to any judgment against her. That she was not so served, and that such copy was not "furnished" to her, fully appears by the evidence of herself and by the evidence of A. W. Robinson, agent and manager of the said lumber company.

4. Unavoidable casualty and misfortune prevented plaintiff in error from defending the original action. Plaintiff in error testified that she did not know of the pendency of the action until after judgment was rendered against her. It was her misfortune not to receive the summons left "at usual place of residence," or to have any knowledge of it. How could she defend the action when she had no knowledge of its pendency, especially when the cause of action was one of those created by a statute which must be strictly complied with before any liability attaches? Plaintiff in error did not even have notice of the filing of the mechanic's lien statement with the clerk.

5. Fraud was practiced by the Rock Island Lumber and Manufacturing Company in securing the original judgment against plaintiff in error and her property. We are unable to conceive of a more deliberate fraud than was practiced in obtaining the original judgment. The witness Robinson testified falsely as to furnishing plaintiff in error with a copy of the lien statement filed. This was necessary to be done to create a liability. No service was had on Haney, a necessary

party to the action. Therefore no judgment could have been properly rendered against plaintiff in error, he being a necessary party.

6. The court erred in its finding and in the law, and should have granted a new trial. The court below disregarded the code with respect to making up the issues and the time of trial, and the methods prescribed for vacating a judgment for fraud, and on account of defendant's not knowing of the pendency of the action. The code is plain. It is not necessary to cite other authorities; of course, there can be no negligence or default on the part of a defendant who has no knowledge of the pendency of an action in not defending, unless said defendant is presumed to have acquiesced in the judgment by reason of subsequent laches.

*Sankey & Campbell,* for defendants in error:

1. There can be no doubt but that the answer was filed several months before the case was tried, and that it was filed by leave of court. Again, the court did not refuse to give plaintiff time to reply, but on the contrary gave plaintiff leave to file a reply, or show why the same could not be done, and counsel refused to make any showing. There was most certainly no abuse of sound discretion in this. The answer had been on file for months. Plaintiff in contemplation of law knew it, whether her attorneys were derelict or not; but even if the attorneys had been neglecting their duty, still the court offered to give them time, if they showed that their client would be injured for want of more time.

2. Under the second division of plaintiff's brief, she says: "The court below denied Mrs. Sexton the relief prayed, solely on the ground that the question presented was in the court's opinion *res adjudicata.*" Where does the plaintiff get the authority for this statement? The record does not so show.

3. Under this division, plaintiff says she had a valid defense to the original action. This we deny. But if she had, it was her duty to present the same at time of trial. Of course the evidence introduced on the original trial is not before this

court. The presumptions are all in favor of the validity of the judgment.

4. Under the fourth paragraph of plaintiff's brief there is nothing new, and our remarks under paragraph 3 are equally applicable to this.

5. Under her fifth paragraph plaintiff says: "We are unable to conceive of a more deliberate fraud than was practiced in obtaining the original judgment." Mr. Robinson testified falsely, says plaintiff. It seems from the record that plaintiff has failed to prove this to the satisfaction of the court, though she had three opportunities before a fair and impartial court to do so. The rulings of his honor, Judge Reed, throughout show very clearly that he was willing to and did give the plaintiff every possible opportunity to prove that she had been wronged, if such were the case. All the rulings, so far as appears from this record, show great liberality in the introduction of evidence toward Mrs. Sexton; and yet she could prove nothing. Robinson had no motive whatever to commit perjury; he was only the hired employé of the lumber company.

6. Under her sixth paragraph, the plaintiff makes a "few suggestions" under the former heads. In this alone she resembles some ministers. Then at last she begs the question. She says the judgment of the court below should be reversed, because, first, if the Rock Island Lumber and Manufacturing Company has a case against Mrs. Sexton it can try the case again, and get another judgment; but, on the other hand, if this judgment stands, she will have to pay a bill which she has already paid in full. The last part of the proposition is not true. The first part, if it has any force, would be an equally strong argument in favor of setting aside every judgment rendered in every court. In *Wood v. Millspaugh*, 15 Kas. 14, this court says: "The district courts and the judges thereof have considerable discretion in allowing and disallowing, and in sustaining or vacating, temporary injunctions; and therefore, when the reasons urged for and against a temporary injunction are very nearly equally balanced, the su-

preme court will not reverse an order of the district court or judge thereof vacating a temporary injunction." See, also, *Mead v. Anderson,* 40 Kas. 203.

Opinion by STRANG, C.: February 28, 1888, the Rock Island Lumber and Manufacturing Company obtained judgment for $565.83, against the plaintiff, Jane T. Sexton, and also a foreclosure of a mechanic's lien. Afterward two motions were filed by the plaintiff to set aside and vacate said judgment. Upon both of these motions evidence and arguments of counsel were heard, after which they were overruled. On the 15th of May following, the plaintiff filed her petition in the court to vacate and modify said judgment, and at the same time procured a restraining order to issue, enjoining said company, its agents and servants, and the sheriff of the county, to refrain from selling the plaintiff's property on said judgment. The defendant filed a motion to dissolve the restraining order, and the plaintiff a motion for a temporary injunction. These motions were heard at the same time. The motion to dissolve was overruled, and the temporary injunction was allowed. Afterward the injunction proceeding was heard on its merits and dissolved, and from such judgment of the court the plaintiff comes here for error. In the case of the Rock Island Lumber and Manufacturing Company against Jane T. Sexton and others, for the recovery of a judgment for the lumber sold by said company that went into the house of said Jane T. Sexton, and for a foreclosure of a mechanic's lien against said house, the sheriff's return of service on the summons, so far as it relates to the plaintiff in error, is as follows:

"Received this writ this 4th day of November, 1887, at 1 o'clock P. M., and, as commanded by the writ, I summoned the within-named Jane T. Sexton by leaving a certified copy of the within summons and the indorsements thereon at the usual place of residence on the 5th day of November, 1887."

Jane T. Sexton made no appearance in answer to said summons, and judgment was taken against her by default Febru-

ary 28, 1888. March 7, 1888, the plaintiff in error filed a motion to set aside and vacate the judgment so rendered as aforesaid, for the reason that the return of the sheriff does not show that the service of the summons in the case was ever had on Jane T. Sexton. That motion was heard and by the court overruled. Was such return of service sufficient? It was not as complete as it might have been, but was it a substantial compliance with the statute? The sheriff in his return says: "I summoned the within-named Jane T. Sexton by leaving a certified copy of the within summons and the indorsements thereon at the usual place of residence." If the sheriff had said her usual place of residence, the return would have been complete. What does this return of the officer import? It conveys the idea at least that the copy of the summons was left at the usual residence of some person. Whose residence? At whose residence is a copy of the summons to be left, when it is served by leaving a copy at the usual place of residence? At the residence of the party to be summoned. Jane T. Sexton was the party to be summoned in this case, and the sheriff says, in his return, "I summoned the within-named Jane T. Sexton." We think the fact that the return declares that the proper person, Jane T. Sexton, was served, taken in connection with the allegation that the copy was left at "the usual place of residence," sufficiently indicates that the copy of the summons was left at the usual place of residence of Jane T. Sexton.

The service of summons being held good, it gave the court jurisdiction of the person of the defendant therein named. It was her duty then to have answered the petition in the case, and appeared and contested the trial thereof. Not having filed any answer, and having made no appearance at the trial to set aside the service of the summons, nor for any other purpose, she could not afterwards be heard to complain of any errors committed on the trial of the cause. The presumptions are in favor of the record. It was her duty to have been in court at the trial of the case, to challenge any error in the admission of evidence, and save her exceptions to the ruling therein. If

the court had had no jurisdiction of the defendant at the trial of the case, the judgment rendered might have been set aside, subsequently, on motion.  But the court below held that it had jurisdiction, obtained by service of summons on the defendant, and in that we think the court was right.  Admitting that the defendant was served, the record shows no excuse for a failure to answer, since she did not appear and file a motion to set aside the service of the summons.

We do not think there is anything in the record to show any fraud in procuring the judgment; nor do we think the record shows any perjury in the case.  A witness may be mistaken on some point of his evidence in a case, and yet not be guilty of perjury.  Robinson may have been mistaken in relation to what paper he served on the plaintiff in error, but it is apparent from the record that it was simply a mistake, and could not amount to perjury.

We think the court was right in refusing to set aside the judgment.  It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.